**Opinion issued January 16, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-01000-CR

_____

**JOEL KEITH NICHOLS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 17cr0618**

---

## MEMORANDUM OPINION

Appellant, Joel Keith Nichols, was found guilty after a jury trial of the third-degree felony offense of possession of a controlled substance. TEX. HEALTH & SAFETY CODE § 481.115(a), (c). The jury assessed his punishment at six years' confinement. This sentence is within the applicable sentencing range. TEX. PENAL

CODE § 12.34(a). The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal and new counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that she has delivered a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008) (orig. proceeding). Furthermore, counsel has certified that she sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant did not file a pro se response to his counsel's *Anders* brief and his deadline has expired.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining that reviewing court need not address merits of each claim raised in *Anders* brief or *pro se* response after determining no arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155–56. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] *See* TEX. R. APP. P. 43.2(a). Attorney Winifred Bandy Weber must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27; TEX. R. APP. P. 48.4.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Landau.

Do not publish. TEX. R. APP. P. 47.2(b).